## D. W. DUNNING, ETC., *v.* COMMONWEALTH.

**Criminal Law—Several Charges—Preliminary Hearing—Bail—Bond Including More Than One Charge—Forfeiture.**

Thomas P. Dunning was taken before an examining court, charged with four distinct offenses, and after investigation was committed on all of them. Subsequently he was admitted to bail by the county judge, who took only one bond for all of the commitments.

Held, that the criminal code contemplates that where a party is charged with more than one public offense, and the examining court, who investigates the charges, be of the opinion that he shall be held to bail to answer said charges, and bail is offered, a separate bond in each case shall be taken.

**Robbery—Attempt to Rob—Assault With Deadly Weapon—Ordinary Pocket Knife.**

A mere attempt to rob unaccompanied with an assault with a deadly weapon, or a demand of something of value from the person of another with force and violence, with the felonious intent to commit robbery, is not an offense at common law, nor by statute. Neither is it a public offense to carry an ordinary pocket knife concealed, which may be a deadly weapon.

### APPEAL FROM LIVINGSTON CIRCUIT COURT.

April 26, 1872.

OPINION OF THE COURT BY JUDGE PETERS:

It appears from the testimony of Handleni, judge of the Livingston county court, that Thomas P. Dunning was taken before an examining court for said county, charged with four distinct offenses, and after an investigation of said charges, he was committed on all of them by said court, but neither the warrant nor any of the proceedings of that court are presented in this record. Subsequently he was admitted to bail by said county judge, who took only one bond for his appearance at the next circuit court for Livingston county with appellants as his sureties to answer to each of said alleged offenses, which are described in said bail bond as follows: "First, for robbing of John Heater. Second, charge of an attempted robbing on a negro man named Lewis Dabney, and a third charge of malicious shooting of H. N. Perkins, and a fourth charge of carrying concealed weapons. And being admitted to bail in the first and second charges in the sum of five hundred dollars each, and in the third case in the sum of three hundred dollars, and in the fourth case in the sum of one hundred dollars, the four commitments amounting to fourteen hundred dollars."

The principal having failed to appear in discharge of his recognizance, the same was adjudged forfeited and a summons issued against him and his sureties to show cause why judg-

ment should not be rendered against them for the penalty of the bond, which was executed on the sureties and returned not found as to him. The sureties filed an answer, and on a trial of the case judgment was rendered against them for thirteen hundred dollars, and they have appealed.

The criminal code provides that a person charged with the commission of a public offense shall be liable to be immediately arrested and proceeded against. *Sec. 5, Cr. Code.*

When arrested he is to be taken before a magistrate of the county in which the public offense has been committed and if the offense charged be a felony, an examining court is then to be formed to examine into the charge, and if when the examination is closed the court is of the opinion that there are reasonable grounds to believe that the defendant is guilty of the offense charged, he shall be held for trial and committed to jail, or discharged on bail, if the offense be bailable, etc. *Sec. 59.*

A mere *"attempt to rob"* unaccompanied with an assault with a deadly weapon, or a demand of something of value from the person of another with force and violence with the felonious intent to commit robbery, is not an offense at common law, nor by statute. Neither is it a public offense to carry an ordinary pocket knife concealed, which may be a deadly weapon.

The record therefore fails to show that the examining court had any authority to commit Thomas P. Dunning on these two charges, or to require bail of him, nor that the county judge was authorized to take the bond.

The criminal code evidently contemplates that where a party is charged with more than one public offense, and the examining court who investigates the charges shall be of the opinion that he shall be held to bail to answer said charges, and bail is offered, a separate bond in each case shall be taken. We do not, however, decide that a sufficient bond might not be taken for his appearance in both cases; that is not the question now before us. The bond in this case is not in all respects such as is authorized by law, and the defects pointed out are fatal. Wherefore the judgment is reversed and the cause is remanded with directions for further proceedings not inconsistent with this opinion.

*Bush, for appellants.*
*Rodman, Lockett, for appellee.*